### Hall DAVIS et al.
### v.
### John G. FRANCOIS, as Chief of Police of Port Allen, Louisiana et al.
### Civ. A. No. 67–118.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 8, 1967.

Murphy W. Bell, Baton Rouge, La., for plaintiffs.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Thomas W. McFerrin, Kenneth C. DeJean, Asst. Attys. Gen., Baton Rouge, La, for defendants.

WEST, District Judge:

Plaintiff brings this suit seeking to have this Court, pursuant to its equity jurisdiction, declare City Ordinance Number Eleven (11) of the City of Port Allen, Louisiana, to be unconstitutional, and seeking further to have this Court issue an injunction enjoining the defendants from in any manner enforcing said ordinance or prosecuting anyone for alleged violation thereof.

The ordinance in question reads as follows:

"Sec. I. It shall be unlawful for more than two (2) people to picket on private property or on the streets and sidewalks of the City of Port Allen in front of a residence, a place of business, or public building. Said two (2) pickets must stay five (5) feet apart at all times and not obstruct the entrance of any residence, place of busi-

ness, or public building by individuals or by automobiles.

"Sec. II. Any person who violates the provisions of this ordinance shall be subject to a fine not exceeding $100.00 or imprisonment for a period not to exceed 30 days, or both."

Plaintiff alleges that they, and others, have been arrested and charged with violation of this ordinance, and because of their allegations that the ordinance is violative of the First and Fourteenth Amendments to the United States Constitution, they seek to have defendants enjoined by this Court from proceeding with those criminal prosecutions.

 This case was heard on its merits on October 13, 1967, and submitted on the record and arguments of counsel. Now, after due consideration, this Court concludes, as did the United States Supreme Court in Douglas et al. v. City of Jeannette et al., 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), that no grounds have been presented to this Court to suppose that the intervention of a Federal Court in order to secure plaintiffs' constitutional rights will be either necessary or appropriate. As the Supreme Court stated in *Douglas:*

"It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions. No person is immune from prosecution in good faith for his alleged criminal acts. Its imminence, even though alleged to be in violation of constitutional guarantees, is not a ground for equity relief since the lawfulness or constitutionality of the statute or ordinance on which the prosecution is based may be determined as readily in the criminal case as in a suit for an injunction." 63 S.Ct. at 881.

The United States Supreme Court held thusly in *Douglas* even though the ordinance there in question had that very day been held by the same Supreme Court to be unconstitutional. See Murdock v. Commonwealth of Pennsylvania, 319 U.S. 105, 63 S.Ct. 870, 87 L.Ed. 1292 (1943). The Court in *Douglas* goes on to say:

"It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court."

 But plaintiffs say that the Supreme Court changed all of this when it decided the case of Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed. 2d 22 (1965). A careful reading of *Dombrowski,* however, does not bear out this assertion. *Dombrowski* is but an exception to the general rule as enunciated in *Douglas.* In *Dombrowski* the Court found a possibility of irreparable loss or at least some danger of such loss resulting from the alleged bad faith enforcement of the statute there in question, and a further danger of multiple prosecutions "dealing as they inevitably must with only a narrow portion of the prohibition at any one time, and not contributing materially to articulation of the statutory standard." 85 S.Ct. at 1123. Such is not the case here. One criminal prosecution wherein the defense of unconstitutionality of the ordinance in question was made would determine once and for all the validity of the ordinance. Certainly the ordinance is not unconstitutional on its face, and certainly the ordinance, on its face, does not evidence bad faith. Its validity, and the question of the good or bad faith of its enactors, could be just as well, and certainly more properly determined in a State criminal proceeding than in a proceeding in equity before this Court. Considerations of our Federalism demand this conclusion.

Unlike the situation in *Dombrowski,* plaintiffs' First Amendment rights are not being denied them during the time this ordinance is in effect. Their right of freedom of expression is not denied

by the ordinance. Whether or not it is unduly restricted in violation of the United States Constitution could and should be determined in the orderly process of a criminal proceeding brought in connection therewith rather than by the intervention of this Court.

For these reasons, plaintiffs' demands will be denied and their case will be dismissed. Judgment will be entered accordingly.